# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

CEDRICK HENDRIX,

      Plaintiff,

v.                                                **Case No. 23-CV-1510**

HEAVENS TABLE CATERING & BBQ LLC, AND
JASON ALSTON,

      Defendants.

## COMPLAINT

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3. Plaintiff Cedrick Hendrix ("Plaintiff") is an adult resident of Milwaukee County in the State of Wisconsin.

4.      Defendant Heavens Table Catering BBQ LLC ("Heavens Table"), is a domestic limited liability company with its principal place of business in at 3354 N. 91st Street, Milwaukee, Wisconsin, 53222.

5.      Defendant Heavens Table, operates a restaurant named Heaven's Table MKE BBQ in Milwaukee, Wisconsin located at 5507 W. North Avenue.

6.      On information and belief, Defendant Heavens Table, does $500,000 or more in business annually.

7.      Defendant Heavens Table's registered agent for service of process in the State of Wisconsin is Jason Alston located at 3354 N. 91st Street, Milwaukee, Wisconsin, 53222.

8.      Defendant Jason Alston is an adult resident of Wisconsin. On information and belief, Jason Alston owns Heavens Table. As such, Jason Alston acted directly or indirectly in the interest of Heavens Table in relation to Plaintiff.

9.      Heavens Table and Jason Alston were joint employers of Plaintiff and will be collectively referred to herein as "Defendants."

## FACTUAL ALLEGATIONS

10.     Plaintiff was employed by Defendants as a cook and manager from January 2022 through September 23, 2023.

11.     In that role, Plaintiff spent roughly 75% of his time preparing and serving food to Defendants customers. Further, Plaintiff could not hire or fire employees.

2

12.     Plaintiff did not set the hours of the restaurant, prices, set employee rates of pay, or make changes to the schedule.

13.     Defendants agreed to pay Plaintiff $18.00 per hour.

14.     During Plaintiff's employment with Defendants, he regularly worked more than forty hours each workweek.

15.     Despite working more than forty hours per week, Defendants failed to pay Plaintiff overtime premium compensation for each hour over forty in a workweek.

16.     Defendants failed to pay Plaintiff any wages for hours Plaintiff worked over forty in a workweek despite agreeing to pay Plaintiff $18.00 per hour.

17.     As an example, during the workweek between January 24, 2023, through January 30, 2023, Plaintiff worked 45.03 hours.

18.     During the workweek between January 24, 2023, through January 30, 2023, Defendants paid Plaintiff for forty hours at $18.00 per hour for a total of $720.00 for his work during this workweek.

19.     Defendants paid Plaintiff no wages for the 5.03 hours of overtime worked by Plaintiff during the workweek between January 24, 2023, through January 30, 2023.

20.     Plaintiff was not an exempt employee because his primary duty was to cook food.

21.     Plaintiff received tips from Defendants customers.

22.     Defendants did not provide the tips to Plaintiff, but rather retained the tips.

23.     Plaintiff prepared and cooked food that moved in interstate commerce prior to begin cooked, including turkey, ribs, rib tips, chicken, vegetables, and brisket. Therefore, Plaintiff was engaged in commerce when working for Defendants.

24.     Plaintiff used Defendants point of sale system to process credit cards on a daily basis, the processing of which utilized the internet. The internet is an instrumentality of interstate commerce. Therefore, Plaintiff was engaged in commerce when working for Defendants.

25.     Plaintiff prepared orders that were received via the internet. The internet is an instrumentality of interstate commerce. Therefore, Plaintiff was engaged in commerce when working for Defendants.

26.     Defendant Jason Alston had and continues to have control over the day-to-day operations of Heavens Table.

27.     Defendant Jason Alston had and continues to have control over the human resources and compensation aspects of Heavens Table, including those compensation policies and practices alleged herein as they relate to Plaintiff.

28.     Defendant Jason Alston determined the rates and methods of compensation for Plaintiff and determined that Plaintiff would not be paid overtime premium compensation when Plaintiff worked more than forty hours in a workweek. Further, Defendant Jason Alston determined that Plaintiff would not be

paid any wages for hours worked over forty hours in a workweek, including the agreed upon $18.00 per hour.

29.    Defendant Jason Alston set the hours of operation at Heavens Table.

30.    Defendant Jason Alston set the menu prices at Heavens Table.

31.    Defendant Jason Alston set the employees' schedule at Heavens Table.

32.    Defendant Jason Alston was at Heavens Table nearly every day.

33.    Defendant Jason Alston set the menu at Heavens Table.

34.    Defendant Jason Alston retained the ability to hire and fire all employees of Heavens Table.

35.    Defendant Jason Alston was in sole charge of Heavens Table.

36.    Defendant Jason Alston set the rates of pay of all Heavens Table employees, including Plaintiff.

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

37.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

38.    Defendants were an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

39.    Defendants have been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

40.    Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

5

41. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

42. Plaintiff is not exempt from the overtime pay requirements of the FLSA.

43. Defendants did not pay Plaintiff overtime wages for work performed in excess of forty hours per week.

44. The foregoing practice violates the FLSA.

45. Defendants' violation of the FLSA was willful.

46. Plaintiff suffered wage loss because of this violation.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WISCONSIN LAW

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

49. Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

50. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

51.     Plaintiff is not exempt from the overtime pay requirements of Wisconsin law.

52.     Defendants did not pay Plaintiff overtime wages for work performed in excess of forty hours per week.

53.     The foregoing practice violates Wisconsin law.

54.     Defendants' violation of Wisconsin law was for dilatory or unjust reasons.

55.     Plaintiff suffered wage loss because of this violation.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WISCONSIN LAW

56.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

57.     Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

58.     Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r).

59.     Wisconsin law requires an employer to pay employees all agreed upon wages.

60.     Defendants agreed to compensate Plaintiff at a rate of $18.00 per hour.

61.     Defendants failed to compensate Plaintiff at the agreed upon rate for all hours worked by Plaintiff, specifically when Plaintiff worked more that forty hours in a workweek.

62.     The foregoing practice violates Wisconsin law.

63.     Defendant's violation of Wisconsin law was for dilatory or unjust

reasons.

64.     Plaintiff suffered wage loss because of this violation.

### FOURTH CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

65.     Plaintiff alleges and incorporates by reference the allegations in the

preceding paragraphs.

66.     The FLSA requires covered employers to pay employees any tips the

employees receive and prohibits an employer from keeping any tips received by the

employees.

67.     Plaintiff received tips while working for Defendants.

68.     Defendants retained those tips and did not pay them to Plaintiff.

69.     The foregoing practice violates the FLSA.

70.     Defendants' violation of the FLSA was willful.

71.     Plaintiff suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff demands the following relief:

A.      Judgment against Defendants in an amount equal to unpaid wages at

the applicable minimum, agreed-upon, overtime rates, and payment of retained tips

owed to Plaintiff, as well as the damages Plaintiff suffered because of Defendants'

failure.

B.      An award in the amount of all liquidated damages and civil penalties

as provided under the FLSA and Wisconsin law;

8

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated this 10th day of November, 2022.

s/ LARRY A. JOHNSON
Larry A. Johnson Bar Number 1056619
Connor J. Clegg Bar Number 1118534
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com
       cclegg@hq-law.com

9